UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY ONE MILLION SEVEN HUNDRED EIGHTY-FOUR THOUSAND (1,784,000) CONTRABAND CIGARETTES, et al.,<br><br>Defendants. | CASE NO. C12-5992-BHS<br><br>ORDER DENYING MOTIONS TO DISMISS |

This matter comes before the Court on Claimant Nicholas Matheson's ("Matheson") (Dkt. 11) and Claimant Estate of Edward Amos Comenout's ("Estate") (Dkt. 12) motions to dismiss. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

## I. PROCEDURAL HISTORY

On November 16, 2012, the United States filed a Verified Complaint for Forfeiture *In Rem* ("Complaint"), for civil forfeiture of the Defendants (collectively "Defendant Properties"). Dkt. 1. On November 16, 2012, the United States filed an Affidavit of Alcohol, Tobacco, Firearms and Explosives Task Force Officer Keller (Dkt. 1-3), incorporated by reference into the Complaint. *See* Dkt. 1 at 6. On November 16, 2012, the United States filed a Notice of Verified Complaint for Forfeiture *In Rem*. Dkt.

ORDER - 1

2. On November 19, 2012, a Warrant of Arrest *In Rem* was issued as to the Defendant Properties.

The Defendant properties sought by the Claimant Estate include the following: 1,784,000 contraband cigarettes seized from the Indian Country Smoke Shop ("ICSS") main store; $583,458.25 seized from the ICSS main store; 2007 Chevrolet Box Van, Washington license #B42758E, VIN 1GBJG31U371145187, registered to Ed A. Comenout (deceased); and $359,197.59 seized from Bank of America account no. ****2407, held in the name of Edward A. Comenout, d/b/a Indian Country Store.

The Defendant property sought by Claimant Matheson includes a white 2012 Mercedes-Benz Sprinter van, Idaho license # K499663, VIN WD3PF4CC2C5631912.

On December 31, 2012, the Claimant Estate filed a Claim for Return of Property regarding the Defendant 2007 Chevrolet van.  Dkt. 7.  Also on December 31, 2012, Claimant Matheson filed a Claim for Return of Property regarding the Defendant 2012 Mercedes-Benz van. Dkt. 8.

On January 11, 2013, Claimant Matheson filed a Motion to Dismiss Forfeiture Complaint.  Dkt 11.  On January 14, 2013, the Claimant Estate filed a Motion to Dismiss Forfeiture Complaint.  Dkt. 12.

On February 15, 2013, the United States filed a motion for leave to file an amended verified complaint for forfeiture *in rem* and amended warrant of arrest *in rem*.  Dkt. 22.  On March 11, 2013, the Court granted the United States' motion for leave to amend.  Dkt. 25.  On March 19, 2013, the United States filed an amended complaint ("Amended Complaint").  Dkt. 26.

## II. DISCUSSION

The Claimants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because, among other arguments, the United States failed to comply with the pleading requirements set forth in Fed. R. Civ. P. Supp. Rule G(2).  The United States has since filed an Amended Complaint.  Dkt. 26.  The filing of an amended complaint necessarily renders the original complaint a nullity.  *See, e.g., Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  A motion to dismiss a complaint that has been subsequently amended is therefore moot.  Because the United States' Amended Complaint was filed subsequent to the Claimants' motions to dismiss, the Court denies those motions.

## III. ORDER

Therefore, it is hereby **ORDERED** that Claimant Matheson's (Dkt. 11) and Claimant Estate's (Dkt. 12) motions to dismiss are **DENIED WITHOUT PREJUDICE**.

Dated this 29th day of March, 2013.

BENJAMIN H. SETTLE
United States District Judge