UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

                Plaintiff,

     v.

APPROXIMATELY ONE MILLION
SEVEN HUNDRED EIGHTY FOUR
THOUSAND (1,784,000)
CONTRABAND CIGARETTES OF
ASSORTED BRANDS FROM THE
INDIAN COUNTRY SMOKE SHOP
MAIN STORE, et al.,

                Defendants.

CASE NO. C12-5992 BHS

ORDER GRANTING
PLAINTIFF'S MOTION TO STAY
DISCOVERY, REQUESTING
ADDITIONAL BRIEFING ON
PLAINTIFF'S MOTION TO
STRIKE CLAIMS, AND
STAYING CLAIMANTS' CROSS
MOTION FOR SUMMARY
JUDGMENT

      This matter comes before the Court on the United States' (the "Government")

motion to strike claims (Dkt. 56) and its motion to stay discovery (Dkt. 57). Also before

the Court is the summary judgment motion (Dkt. 62) of the Estate of Edward Comenout

Jr. (the "Estate") and Nicholas P. Matheson ("Matheson") (collectively "Claimants").

The Court has considered the pleadings filed in support of and in opposition to the

motions and the remainder of the file and hereby (1) requests additional briefing on the

motion to strike; (2) grants the motion for stay of discovery; and (3) stays the motion for summary judgment as stated herein.

## I. PROCEDURAL HISTORY

On November 16, 2012, the Government filed its verified civil forfeiture complaint and notice of the complaint. Dkt. 1. On December 31, 2012, Claimants filed claims and notices of appearance. Dkts. 5– 8. On January 11, 2013, Matheson filed a motion to dismiss the forfeiture complaint. Dkt. 11. On January 14, 2013, the Estate also filed a motion to dismiss. Dkt. 12.

On February 15, 2013, the Government moved to file an amended verified complaint. Dkt. 22. On February 19, the Government responded to Claimants' motions to dismiss. Dkts. 23, 24. On March 11, the Court granted the Government's motion for leave to amend. Dkt. 25.

On March 19, 2013, the Government filed its amended verified complaint. Dkt. 26. On March 29, 2013, the Court denied Claimants' motions to dismiss. Dkt. 27.

On August 18, 2016, the Government moved to strike Claimants' claims pursuant to Supplemental Rule G(8)(c)(i) for Claimants' failure to comply with Supplemental Rule G(5)(b). Dkt. 56. On August 19, 2016, the Government moved to stay discovery pending the outcome of its motion to strike. Dkt. 57.

On August 26, 2016, Claimants responded to the motion to stay discovery. Dkt. 58. On September 2, 2016, the Government replied. Dkt. 59. On September 5, 2016, Claimants responded to the Government's motion to strike claims. Dkt. 60. Claimants

1   also moved for summary judgment. Dkt. 62. On September 6, 2016, Claimants re-filed

2   their response to the Government's motion to strike. Dkt. 64.

3         On September 6, 2016, Claimants filed a stipulation and proposed order for the

4   timing of the motion to strike claims and the motion for summary judgment. Dkt. 65.

5   Claimants elected to rely on their response to the motion to strike filed on September 6,

6   2016, and the parties agreed to note Claimants' motion for summary judgment for

7   October 14, 2016. *Id.* at 2. On September 7, 2016, the Court agreed to the stipulated order

8   and briefing schedule. Dkt. 66.

9         On September 9, 2016, the Government replied on its motion to strike claims. Dkt.

10  67. On October 11, 2016, the Government responded to Claimants' motion for summary

11  judgment. Dkt. 68.

12                              **II. DISCUSSION**

13  **A.     Motion to Strike**

14        The Government moves to strike Claimants' claims pursuant to Supplemental

15  Rule G(8)(c)(i) for Claimants' failure to comply with Supplemental Rule G(5)(b) by

16  filing an answer. Dkt. 56.

17        **1.     Standard**

18        A motion pursuant to Rule G(8)(c)(i) may "be presented" in one of two ways: "as

19  a motion for judgment on the pleadings or as a motion to determine . . . by summary

20  judgment whether the claimant can carry the burden of establishing standing by a

21  preponderance of the evidence." Fed. R. Civ. P. Supp. R. G(8)(c)(ii)(B). Because the

22

1    Government has failed to state a standard for their motion, the Court must decide the

2    appropriate standard of review.

3         The Court determines that the Government's motion is best considered under the

4    motion for summary judgment standard rather than that for a judgment on the pleadings.

5    Motions for judgments on the pleadings are permitted only after the pleadings are closed,

6    Fed. R. Civ. P. 12(c), and the entire basis of the Government's motion is that Claimants

7    have failed to file the required answer to the complaint.

8         Summary judgment "should be rendered if the pleadings, the discovery and

9    disclosure materials on file, and any affidavits [or declarations] show that there is no

10   genuine issue as to any material fact and that the movant is entitled to judgment as a

11   matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S.

12   242, 247–48 (1986). The moving party is entitled to judgment as a matter of law when

13   the nonmoving party fails to make a sufficient showing on an essential element of a claim

14   in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v.*

15   *Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the

16   record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving

17   party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)

18   (nonmoving party must present specific, significant probative evidence, not simply "some

19   metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over

20   a material fact exists if there is sufficient evidence supporting the claimed factual dispute,

21   requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty*

22

ORDER - 4

1   *Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

2   *Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

3       **2.**     **Rule G(8)(c)(i)(A)**

4       The Government first argues that the Court should strike the claims pursuant to

5   Rule G(8)(c)(i)(a) because Claimants have failed to file an answer. Dkt. 56. Claimant's

6   claim is governed by the Supplemental Rules for Admiralty and Maritime Claims. 18

7   U.S.C. § 983(a)(4)(A). Supplemental Admiralty and Maritime Claims Rule G(5)(a)(i)

8   allows potential claimants who receive notice to contest a forfeiture by filing a claim by

9   the date set forth in the notice, which must be "at least 35 days after the notice is sent."

10  Fed. R. Civ. P. Supp. R. G(5)(a)(ii)(A), (4)(b)(ii)(B). The claim must identify the

11  claimant and the property claimed, state the claimant's interest in the property, and be

12  signed by the claimant under penalty of perjury. Fed. R. Civ. P. Supp. R. G(5)(a)(i)(A)–

13  (C). After a proper claim is filed, Rule G(5)(b) further provides that a "claimant must

14  serve and file an answer to the complaint or a motion under Rule 12 within 21 days after

15  filing the claim." Fed. R. Civ. P. Supp. R. G(5)(b).

16       The Government argues that the Court should strike the claims pursuant to Rule

17  G(8)(c), which provides:

18      (c) Motion to Strike a Claim or Answer
         (i) At any time before trial, the government may move to strike a

19         claim or answer:
           (a) *for failing to comply with Rule G(5)* or (6), or

20            (b) because the claimant lacks standing.

21  Fed. R. Civ. P. Supp. R. G(8)(c) (emphasis added). Additionally, the Government cites

22  18 U.S.C. 983(a)(4)(B), which states that "a person asserting an interest in seized

1   property, shall file an answer to the government's complaint for forfeiture no later than

2   20 days after the date of the filing of the claim."

3       Claimants argue that the Government's motion should be analyzed under the

4   general test for setting aside default under Federal Rule of Civil Procedure 55, rather than

5   the strict compliance standard many courts have required under the Supplemental

6   Admiralty and Maritime Claims Rules that govern forfeiture *in rem* proceedings. Dkt. 64

7   at 6–8. To support their position Claimants cite *United States v. Signed Pers. Check No.*

8   *730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010) ("*Mesle*"), where the Ninth

9   Circuit reversed the decision of a district court because it failed to apply a "good cause"

10  analysis when refusing to set aside a default entered pursuant to Federal Rule of Civil

11  Procedure 55 against a *pro se* litigant. However, in *Mesle*, the court was ruling on a

12  motion for default judgment pursuant to Federal Rule of Civil Procedure 55. Here, the

13  Government has moved to strike the claim pursuant to Rule G(8)(c).

14      An isolated reading of Rule G(8)(c) suggests that Claimants' failure to file a

15  timely answer—a clear violation of Rule G(5)(b)—may result in the Court striking the

16  claims. The Government has also provided some authority, although nonbinding, to

17  support this position. Dkt. 56 at 5–6 (citing *United States v. All Assets Held at Bank*

18  *Julius Baer & Co., Ltd.*, 664 F. Supp. 2d 97, 102–03 (D.D.C. 2009); *United States v. 40*

19  *Acres of Real Prop., More or Less*, 629 F. Supp. 2d 1264, 1272–75 (S.D. Ala. 2009)).

20      The Court recognizes that, pursuant to a Rule G(8)(c)(i)(A) motion, failure to

21  comply with the timing requirements of Rule G(5)(a) may serve as a basis for striking an

22  untimely claim, while the failure to follow the timing set forth in Rule G(5)(b) can serve

1   as a legitimate basis for striking an untimely answer. *See, e.g.*, *United States v.*

2   *$11,500.00 in U.S. Currency*, 710 F.3d 1006, 1012 (9th Cir. 2013); *United States v.*

3   *Twenty Three Thousand Three Hundred And Twenty Three Dollars ($23,323.00) in U.S.*

4   *Currency,* CIV.09-00428 JMS-LEK, 2010 WL 532441, at *3 (D. Haw. Feb. 16, 2010)*,*

5   *report and recommendation adopted*, CIV.09-00428JMS/LEK, 2010 WL 935198 (D.

6   Haw. Mar. 11, 2010); *United States v. 2003 Volkswagen Passat Washington License*

7   *Plate 709 YUV VIN WVWUK63B53P343877*, CV-09-3087-EFS, 2011 WL 1576223, at

8   *4–5 (E.D. Wash. Apr. 26, 2011). It is similarly understandable that the Court may strike

9   an answer where a claimant has failed to file a claim that conforms to the requirements of

10  Rule G(5)(a), as the language of G(5)(b) suggests that filing a claim is a prerequisite to

11  filing an answer. *See United States v. $86,496.00 in U.S. Currency*, CV-07-1693-PHX-

12  DGC, 2008 WL 2039355, at *3–4 (D. Ariz. May 12, 2008).

13          However, the Court also notes that Rule G(5) addresses the procedural

14  requirements for effectively filing a claim or an answer in separate subparts. While Rule

15  G(5)(a) sets forth the requirements for filing a claim, Rule G(5)(b) sets forth the

16  requirements for filing an answer to the complaint. *See* Fed. R. Civ. P. Supp. R. G(5).

17  While the Government has referenced two district court cases (from other jurisdictions)

18  indicating that an untimely answer should allow the Court to strike a claim, the

19  Government has failed to articulate any actual line of reasoning for why the failure to file

20  an answer under G(5)(b) should serve as the basis for striking a claim that satisfies the

21

22

requirements of Rule G(5)(a).[1] Moreover, the cases cited by the Government applied an interpretation of "statutory standing" in the context of Rule G(8)(c) that the Ninth Circuit appears to have implicitly rejected. *See United States v. Real Prop. Located at 17 Coon Creek Rd., Hawkins Bar California, Trinity Cty.*, 787 F.3d 968, 973–74 (9th Cir. 2015).

The Court is concerned that Claimants' failure to file a timely answer should not serve as a basis to strike their claims under Rule G(8)(c)(i)(A), especially where it appears that a Rule 55 motion for entry of default and default judgment is the appropriate avenue for the Government to pursue the relief it presently seeks.[2] However, before denying the Government's motion to strike, the Court will afford the Government and Claimants the opportunity to more fully address the following questions:

---

[1] The Court does not at this time determine whether Claimants satisfied the requirements of G(5)(a) substantively or procedurally. Nonetheless, absent any argument to the contrary, the Court will presume that Claimants have satisfied Rule G(5)(a) for the purposes of this motion.

[2] The Court notes that numerous unpublished district court decisions, and some that are published, suggest that a motion for entry of default and default judgment is the proper avenue for the Government to seek the relief it now requests. *See, e.g.*, *United States v. One 2003 Mercedes Benz CL500*, PWG-11-3571, 2013 WL 5530325 (D. Md. Oct. 3, 2013); *United States v. U.S. Currency in Amount of $13,000*, No. 12–811–CV–C–NKL, 2012 WL 5422316 (W.D.Mo. Nov. 6, 2012); *United States v. $2,041.00 in U.S. Currency,* No. 12–CV–87, 2012 WL 6953388 (E.D.Tex. Oct. 30, 2012), *report and recommendation adopted*, 2012 WL 356707 (E.D.Tex. Jan. 29, 2013); *United States v. 15 Trimont Lake Road,* No. 2:10cv16, 2011 WL 309921 (W.D.N.C. Jan. 28, 2011); *Twenty Three Thousand Three Hundred And Twenty Three Dollars ($23,323.00) in U.S. Currency,* 2010 WL 532441 (D. Haw. Feb. 16, 2010); *United States v. $186,907.00 in U.S. Currency,* No. 07–3229, 2008 WL 2331610 (D. Minn. June 3, 2008); *United States v. Real Property Known & Numbered as 2621 Bradford Dr., Middletown, Butler Cnty., Ohio,* No. 07–cv–875, 2008 WL 630601 (S.D. Ohio March 7, 2008); *United States v. $138,381 in U.S. Currency,* 240 F.Supp.2d 220, 233 (E.D.N.Y. 2003); *United States v. Cadillac One 2002 Escalade, V # 3GYEK63N82G226161, DEL EXT E–SPORT,* No. 02–C–7015, 2003 WL 22220264 (N.D. Ill. Sept. 25, 2003)

1.      Does Rule G(8)(c)(i)(A) authorize the Court to strike a claim that satisfies the requirements of Rule G(5)(a) when a claimant fails to file a timely answer under Rule G(5)(b)?

2.      If yes to Question 1, what standard or factors must the Court consider before striking the claim?

Accordingly, the Court requests that the parties submit simultaneous additional briefing. The parties may file additional briefing, not to exceed eight pages, on or before October 28, 2016. The parties may then file their response to the opposing party's additional briefing, not to exceed five pages, on or before November 4, 2016. The Government's motion to strike (Dkt. 56) is renoted for November 4, 2016.

Alternatively, the Government may withdraw its present motion to strike and pursue a default and default judgment pursuant to Federal Rule of Civil Procedure 55.

**3.      Rule G(8)(c)(i)(B)**

The Government next argues that the Court should strike the claims pursuant to Rule (G)(8)(c)(i)(b) for lack of standing because Claimants have failed to file an answer.

> To pursue a claim, the claimant must demonstrate, in addition to the usual requirement of establishing Article III standing, compliance with the *jurisdictional procedural requirements* set forth in Supplemental Rule G(5). Many courts refer to the latter as "statutory standing" and have held that it is established through compliance with Rule G.

*Real Prop. Located at 17 Coon Creek Rd.*, 787 F.3d at 973–74 (citations omitted) (emphasis added). However, the Ninth Circuit has recently explained that the term "'standing' is something of a misnomer [in this context], as courts have discretion to overlook the failure to conform to the requirements of forfeiture claim rules." *Id.* at 974

1   (citation, quotation marks, and internal brackets omitted). Moreover, the Ninth Circuit

2   has explained that "[c]onstruing a claimant's failure to comply with Rule G(5) or G(6) to

3   require automatic dismissal, as if it were a statutory standing defect, would appear to

4   render subpart (B) of Rule G(8)(c)(i) redundant, violating a fundamental canon of

5   construction." *Id.* at 976. Accordingly, under *Real Prop. Located at 17 Coon Creek Rd.*,

6   787 F.3d at 974, strict compliance with the timing requirements of Rule G(5)(b) does not

7   appear to be the type of "standing" contemplated under Rule G(8)(c)(i)(b). The Court

8   therefore denies the Government's motion on this issue.

9   **B.     Motion for Summary Judgment**

10          Claimants move for summary judgment on a cross motion (Dkt. 62) seeking

11  dismissal of the Government's complaint. However, pursuant to Rule G(c)(ii)(A), the

12  Government's motion to strike "must be decided before any motion by the claimant to

13  dismiss the action." The Court therefore stays Claimant's motion for summary judgment

14  seeking dismissal of the complaint. Claimant's motion for summary judgment is renoted

15  for November 4, 2016.

16  **C.     Motion to Stay Discovery**

17          The Government also moves to stay discovery pending the outcome of its motion

18  to strike. Dkt. 57. Matheson argues that the Government has failed to outline a procedure

19  whereby it may move for a stay of discovery. Dkt. 58 at 2.

20          Matheson has served the Government with interrogatories, request for production

21  of documents, and requests for admission pursuant Federal Rules of Civil Procedure 33,

22  34, and 36. Dkt. 58. Rule 33(a)(2) provides: "the court may order that the interrogatory

1   need not be answered until designated discovery is complete, or until a pretrial

2   conference or some other time." Both Rule 34(b)(2)(A) and Rule 36(a)(3) state: "a

3   shorter or longer time [for responding to requests for production or admission] may be

4   stipulated to under Rule 29 or be ordered by the Court."

5       Claimants have failed to file answers as required under Rule G(5)(b). The Court

6   agrees that it would unjustly burden and prejudice the Government to allow Claimants to

7   pursue discovery when they have yet failed to file necessary pleadings under the

8   supplemental rules, especially when those pleadings can narrow and define the scope of

9   discovery. Moreover, allowing Matheson to seek discovery at this time could also prove a

10  wasteful endeavor, as the Government's motion to strike his claim is currently pending

11  before the Court. Therefore, pursuant to its authority set forth in Rules 33(a)(2),

12  34(b)(2)(A), and Rule 36(a)(3), the Court stays Matheson's discovery to the Government

13  pending the resolution of the Government's motion to strike and the filing of an

14  appropriate answer to the complaint.[3]

15                          **III. ORDER**

16      Therefore, it is hereby **ORDERED** that the Government's motion to stay (Dkt. 57)

17  discovery is **GRANTED**. The Government's motion to strike claims (Dkt. 56) and

18  Claimants' cross motion for summary judgment (Dkt. 62) are renoted for November 4,

19

20

---

21      [3] To address Matheson's repeated concerns about filing the statutorily mandated answer,
    the Court notes that Matheson may preserve any argument based on lack of *in rem* jurisdiction
22  by noting an objection in his answer. Fed. R. Civ. P. Supp. R. G(5)(b).

1    2016, as detailed above. Additional briefing shall be filed pursuant to the scope, schedule,

2    and page limits outlined above.

3         Dated this 18th day of October, 2016.

4

5                                                    _____
                                                     BENJAMIN H. SETTLE
6                                                    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22