UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY ONE MILLION SEVEN HUNDRED EIGHTY FOUR THOUSAND (1,784,000) CONTRABAND CIGARETTES OF ASSORTED BRANDS FROM THE INDIAN COUNTRY SMOKE SHOP MAIN STORE, et al.,<br><br>　　　　　Defendants. | CASE NO. C12-5992 BHS<br><br>ORDER DENYING CLAIMANTS' MOTION FOR SUMMARY JUDGMENT AND CLAIMANTS' MOTION TO STRIKE AFFIDAVITS |

　　　This matter comes before the Court on the motion for summary judgment (Dkt. 62) of the Estate of Edward Comenout Jr. (the "Estate") and Nicholas P. Matheson ("Matheson") (collectively "Claimants"). Also before the Court is the Claimants' motion to strike (Dkt. 71) affidavits submitted by the United States of America (the "Government"). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and for the reasons stated herein denies Claimants' motion for summary judgment and their motion to strike.

ORDER - 1

# I. PROCEDURAL BACKGROUND

On November 16, 2012, the Government filed its verified civil forfeiture complaint and notice of the complaint. Dkt. 1. On December 31, 2012, Claimants filed claims and notices of appearance. Dkts. 5–8. On January 11, 2013, Matheson filed a motion to dismiss the forfeiture complaint. Dkt. 11. On January 14, 2013, the Estate also filed a motion to dismiss. Dkt. 12.

On February 15, 2013, the Government moved to file an amended verified complaint. Dkt. 22. On February 19, the Government responded to Claimants' motions to dismiss. Dkts. 23, 24. On March 11, the Court granted the Government's motion for leave to amend. Dkt. 25.

On March 19, 2013, the Government filed its amended verified complaint. Dkt. 26. On March 29, 2013, the Court denied Claimants' motions to dismiss. Dkt. 27. On August 18, 2016, the Government moved to strike Claimants' claims pursuant to Supplemental Rule G(8)(c)(i) for Claimants' failure to comply with Supplemental Rule G(5)(b). Dkt. 56.

On September 5, 2016, Claimants responded to the Government's motion to strike claims. Dkt. 60. Claimants also moved for summary judgment. Dkt. 62. On September 6, 2016, Claimants re-filed their response to the Government's motion to strike. Dkt. 64.

On September 6, 2016, Claimants filed a stipulation and proposed order for the timing of the motion to strike claims and the motion for summary judgment. Dkt. 65. Claimants elected to rely on their response to the motion to strike filed on September 6, 2016, and the parties agreed to note Claimants' motion for summary judgment for

1 | October 14, 2016. *Id.* at 2. On September 7, 2016, the Court agreed to the stipulated order
2 | and briefing schedule. Dkt. 66.

3 | On September 9, 2016, the Government replied on its motion to strike claims. Dkt.
4 | 67. On October 11, 2016, the Government responded to Claimants' motion for summary
5 | judgment. Dkt. 68. On October 18, 2016, the Court granted the Government's motion to
6 | stay discovery and renoted the Government's motion to strike claims and the Claimants'
7 | motion for summary judgment for November 4, 2016. Dkt. 70. The Government
8 | subsequently withdrew its motion to strike claims. Dkt. 77.

9 | On October 21, 2016, Claimants moved to strike affidavits filed by the
10 | Government in support of its opposition to Claimants' motion for summary judgment.
11 | Dkt. 71. On November 7, 2016, the Government responded. Dkt. 80.

12 | On November 21, 2016, Matheson, the Government, and Numerica Credit Union
13 | filed a proposed settlement agreement regarding the 2012 Mercedez Sprinter Van, VIN
14 | WD3PF4CC2C5631912 (the "Mercedez Van"), which the Court Approved. Dkts. 81, 83.
15 | Remaining before the Court are Claimants' motion for summary judgment and their
16 | motion to strike.

17 | **II. DISCUSSION**

18 | **A.     Motion to Strike**

19 | Claimants argue that the Court should strike a declaration and exhibits submitted
20 | by the Government in opposition to their motion for summary judgment. Dkt. 71.
21 | Specifically, Claimants move to strike the declaration of Agent Keller, Dkt. 68-3, and the
22 |

affidavits whereby the Government obtained warrants to search for and seize the subject assets, Dkts. 68-1, 68-2. *See* Dkt 71 at 2–3.

Regarding Agent Keller's declaration, Claimants argue that it contains statements made without personal knowledge. To the extent the Court's discussion below relies on the statements to which Claimants object, the Court will interpret the declaration only for its value beyond the truth of the statements in question, such as reporting a person's or agency's investigatory conclusions rather than the truth of those conclusions. Regardless, the Court notes that "when the party who objects on the basis of hearsay is the one who moves for summary judgment, [and] the purported hearsay evidence could be presented in admissible form at trial; these objections are overruled." *Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.*, 2:10-CV-2414-KJM-KJN, 2016 WL 3213553, at *2 (E.D. Cal. June 9, 2016) (citing *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents.")). This applies to Agent Keller's testimony regarding the investigative findings of Officers Veluppillai and Mittmann, Dkt. 68-3 at 4, the information Agent Keller received from the Washington State Department of Revenue, *Id.* at 5, and the information derived from the Washington State Department of Revenue's visit to 7403 Pacific Highway E, Milton, WA. *Id.* at 6.

As for the warrant affidavits, while numerous statements therein are not admissible for the truth of the matter asserted, the Court may nonetheless consider the affidavits for the limited purpose of establishing that the assets were lawfully seized

under the circumstances described by the Government in its complaint and Agent Keller's declaration. Accordingly, the motion to strike is denied.

The Court further notes that Claimants' motion to strike evolves into its own separate motion for summary judgment of sorts based on an innocent owner affirmative defense. The Court declines to address such arguments because they were improperly raised in a motion to strike. Regardless, the Court addresses Claimants' argument on the "innocent owner defense" below to the extent that it is was argued in Claimant's actual motion for summary judgment.

**B.     Motion for Summary Judgment**

Claimants move for summary judgment. Dkt. 62. Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

There is no genuine issue of fact for trial when the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to

resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

### 1. Format of Motion and Local Rules

Claimants provide no argument in support of their motion for summary judgment in the motion itself. Dkt. 62. Instead, they list numerous documents, including their previous motions to dismiss and their response to the Government's withdrawn motion to strike claims, and argue that the information contained in these documents entitles them to summary judgment. *Id.*

Local Civil Rule 7(b)(1) states:

> *Obligations of Movant*. . . . The argument in support of the motion shall not be made in a separate document but shall be submitted as part of the motion itself.

W.D. Wash. Local Rule LCR 7(b)(1) (emphasis added). Additionally, Local Civil Rule 7(e)(3) states that "[m]otions for summary judgment . . . and briefs in opposition shall not exceed twenty-four pages." W.D. Wash. Local Rule LCR 7(e)(3).

Claimants' motion clearly violates the first rule and appears to violate the second. According to Claimants, the argument supporting their motion for summary judgment is contained in a separate filing while the facts supporting their motion are set forth in various filings, including briefs on separate motions. *See* Dkt. 62 at 2–3. By incorporating multiple briefs into their motion, Claimants appear to rely upon around thirty-plus pages

of legal analysis into their motion, in addition to numerous pages from other filings setting forth their interpretation of the facts in this case.

The Court instructs Claimants and their attorney to comply with the local rules in future filings. Compliance with the local rules will help Claimants present clear and cogent arguments. It will also eliminate the likelihood that the Court will miss elements of their argument while attempting to decipher what information and analysis contained in numerous filings is pertinent to their motion.

On the present motion, because Claimants have stated that "[t]he grounds for the Motion is the response of Claimants to the [Government's] motion to strike claims . . ." Dkt. 62 at 3–4, the Court will consider only the argument contained in that filing (Dkt. 60).

**2.     Merits of Summary Judgment Motion**

At the outset, the Court notes that Matheson entered a settlement agreement on November 28, 2016, as to the Mercedez Van. Matheson has not made any other claims to the defendant property. Therefore, the motion for summary judgment, as it pertains to Matheson's claim for the Mercedez Van, is denied as moot.

The Estate argues for summary judgment on the grounds that (1) the Contraband Cigarette Trafficking Act ("CCTA") does not allow for the forfeiture of Indian property, (2) the seized unstamped cigarettes are not contraband, (3) the Claimants did not commit money laundering, (4) the allotment was not subject to the state cigarette tax, and (5) the Claimants did not aid, abet, nor conspire in the interstate transport of contraband.

### a. Applicability of the CCTA to Indians

The Estate misapprehends the law in claiming that 18 U.S.C. § 2346(b)(1) of the CCTA prohibits the forfeiture of Indian property. The term "State," as it appears in § 2346(b)(1), is plainly defined in § 2341. While § 2346(b)(1) prohibits local state governments from enforcing the CCTA against an Indian tribe or an Indian in Indian Country, no such restriction exists for the United States Government. *See State of N.Y. v. Mountain Tobacco Co.*, No. 12-CV-6276(JS)(SIL), 2016 WL 3962992, at *7 (E.D.N.Y. July 21, 2016) ("[T]he 'Indian in Indian country' exemption is only applicable to state enforcement of the CCTA. . . . Thus, the federal government is permitted to enforce the CCTA without regard to whether the action is against an 'Indian in Indian country.'").

Also, the Estate is mistaken when it argues that *United States v. Baker*, 63 F.3d 1478, 1486 (9th Cir. 1995), was abrogated by the 2006 amendment to § 2346(b)(1) in light of the amendment's legislative history. There is no support for the Estate's position in the legislative history of the 2006 Amendment. *See* 151 Cong. Rec. H6273-04, 151 Cong. Rec. H6273-04, H6283-84, 2005 WL 1703380. Because the term "State" is clearly defined in § 2341, the Court rejects this argument on a plain reading of the statute.

*Baker* sets out that (1) the CCTA applies to Indians, 63 F.3d at 1486, and (2) Washington's cigarette tax scheme is valid as applied to Indians. *Id.* at 1489–91. Accordingly, the Federal Government has authority to enforce the CCTA when Indians (1) transport unstamped cigarettes without satisfying the pre-notification requirements under Washington law, or (2) possess and sell unstamped cigarettes in violation of Washington law. *See United States v. Funds From First Reg'l Bank Account No.*

*XXXXX1859 Held in Name of R K Co.*, 639 F. Supp. 2d 1203, 1208–11 (W.D. Wash. 2009).

### b. The Unstamped Cigarettes as Contraband

The Estate next claims that the unstamped cigarettes do not fall within the CCTA's definition of contraband. Dkt. 60 at 13–15. The Estate appears to argue that compacts between Washington State and some tribal governments, whereby a tribal tax is substituted for payment of the State excise tax, somehow renders lawful the approximately 1,784,000 unstamped cigarettes that the Estate seeks to have returned.

It is apparent that no such compact exists in relation to the unstamped cigarettes to which the Estate makes its claim. Instead, it appears that the Estate is merely arguing that the existence of these compacts somehow violates the equal protection clause as to smoke shops, such as the Indian Country Smoke Shop, that are not subject to such a compact. However, the Estate offers absolutely no substantive analysis on this argument. While the Estate cursorily claims equal protection and cites *Associated Grocers, Inc. v. State*, 114 Wn.2d 182, 187 (1990), and *Yick Wo v. Hopkins*, 118 U.S. 356 (1886), it does not address the appropriate three-part inquiry into the constitutionality of such tax schemes under the equal protection clause. *See Yakima Cty. Deputy Sheriff's Ass'n v. Bd. of Comm'rs for Yakima Cty.*, 92 Wn.2d 831, 835–36 (1979). While the Court is very skeptical of the Estate's argument when considering the applicable constitutional test, there is no need to address the argument further. Having failed to offer any analysis in support of its argument, the Estate has failed to carry its burden in showing that it is entitled to summary judgment.

1    Indeed, 18 U.S.C. § 2431(2) defines contraband cigarettes as "a quantity in excess
2 of 10,000 cigarettes, which bear no evidence of the payment of applicable State or local
3 cigarette taxes . . . ." The evidence submitted by the Government in opposition to the
4 Estate's motion—accepted as true for the purposes of summary judgment—is more than
5 adequate to establish a genuine issue of fact as to whether the seized cigarettes were
6 contraband. *See* Dkts. 68-3, 68-4. Indeed, the evidence before the Court appears
7 sufficient to establish on summary judgment that the cigarettes are contraband. However,
8 the Government has not moved for summary judgment on this issue. Accordingly, the
9 Court will conclude only that the Estate has failed to establish entitlement to summary
10 judgment regarding the forfeiture of the cigarettes.

11    **c.    Money Laundering**

12    The Estate argues against the forfeiture on the basis that it was inappropriate under
13 31 U.S.C. § 5331. However, this argument fails to address the Government's asserted
14 authority for forfeiture.

15    The Government's primary theory for forfeiture is that the subject funds
16 constituted proceeds of trafficking contraband cigarettes in violation of 18 U.S.C §
17 2342(a), therefore subject to forfeiture under 18 U.S.C. § 981(a)(1)(C). While the Estate
18 has argued that the unstamped cigarettes were not contraband, the Court has rejected that
19 argument. When the available evidence adequately shows that the massive quantity of
20 unstamped cigarettes was contraband, it also suggests that the funds derived from the
21 Indian Country Smoke Shop were proceeds of trafficking in contraband cigarettes.
22

Additionally, the Court notes that the Estate's argument misses the mark on the Government's second theory for forfeiture of the funds deposited in the Bank of America account ending in 2407. While the Estate argues against forfeiture under 31 U.S.C. § 5331, the Government did not allege any violation of that reporting requirement. Instead, the Government's alternative theory for forfeiture of funds contends that, in violation of 31 U.S.C. § 5324(a), the cash deposits into the Bank of America account were structured to avoid the reporting requirements of 31 U.S.C. § 5313 and 31 C.F.R. § 1010.31.

The Government has submitted evidence supporting both its primary and secondary theories for forfeiture of funds. Therefore, having failed to address the Government's basis for seeking forfeiture, the Estate is not entitled to summary judgment.

### d. Operating on an Allotment does not Immunize Contraband Cigarette Trafficking

The Estate claims that because the cigarettes were possessed by an Indian retailer on an allotment (1) Washington State lacks jurisdiction over the property, and (2) the Washington's cigarette excise tax is inapplicable. The Estate's argument as to the jurisdiction of Washington State is irrelevant to the present forfeiture action, which is a federal seizure and forfeiture proceeding for alleged violations of federal law. Moreover, both the Estate's arguments have already been squarely rejected by the Washington Supreme Court, the Washington Court of Appeals, and the Honorable Judge Bryan of this same United States District Court. *Comenout v. Pierce Cty. Superior Court*, 3:16-CV-05464-RJB, 2016 WL 4945304, at *2 (W.D. Wash. Sept. 16, 2016); *Comenout v.*

*Washington State Liquor Control Bd.*, 195 Wn. App. 1035 (2016); *State v. Comenout*, 173 Wn.2d 235, 238 (2011). Accordingly, for the reasons articulated in *State v. Comenout*, 173 Wn.2d 235, and as Judge Bryan ruled in *Comenout v. Pierce Cty. Superior Court*, this Court likewise concludes "that the State had nonconsensual criminal jurisdiction, and that the unlicensed store . . . was not exempt from state cigarette tax." *Comenout v. Pierce Cty. Superior Court*, 2016 WL 4945304 at *2.

        **e.    Innocent Owner Defense**

The Estate finally argues that it was not involved in aiding or abetting the crimes that led to the forfeiture of the subject assets. However, the Estate has failed to offer any substantive analysis for its "innocent owner defense" under 18 U.S.C. § 983(d). "The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence." 18 U.S.C. § 983(d)(1). The Estate has failed to address (1) the specific innocent ownership requirements under § 983(d)(2); (2) whether, considering the timing of the conduct giving rise to forfeiture, the Estate is actually claiming innocent ownership of certain assets under § 983(d)(3); or (3) whether § 983(d)(4) is applicable to the contraband cigarettes. Moreover, there is adequate evidence (much submitted by the Estate itself) to suggest that the Estate is not, in fact, an innocent owner. Dkt. 14; Dkt. 15; Dkt. 7; Dkt. 68-3. Since the Estate has failed in its motion to make any substantive argument based on the evidence, the Court need not discuss the evidence in any further detail. The Court denies the Estate's motion for summary judgment on an innocent owner defense.

Also, the Court notes that the Estate has yet to file an answer as required under Fed. R. Civ. P. Supplemental Rule G(5)(b). While the Estate clearly placed the Government on notice of its innocent ownership affirmative defense by including such an argument in its Rule 12 motion to dismiss, the Court will not grant summary judgment to a claimant on such a fact-intensive issue while the claimant has yet failed to rebut the Government's complaint with a responsive pleading. Moreover, while the Court declined to grant the Government's previous motion to strike claims, *see* Dkt. 70, the Court warns that continued failure by the Estate to comply with its pleading requirements may constitute grounds for entry of default and default judgment, or otherwise constitute grounds for dismissal. *See* W.D. Wash. Local Rules LCR 11(c).

### III. ORDER

Therefore, it is hereby **ORDERED** that the Claimants' motion to strike (Dkt. 71) and their motion for summary judgment (Dkt. 62) are **DENIED**.

Dated this 21st day of December, 2016.

BENJAMIN H. SETTLE
United States District Judge