1

2

3      UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
4                 AT TACOMA

5

6   UNITED STATES OF AMERICA,

7                    Plaintiff,                    CASE NO. C12-5992 BHS

                 v.                               ORDER GRANTING MOTION
8                                                 TO COMPEL

9   APPROXIMATELY ONE MILLION
    SEVEN HUNDRED EIGHTY FOUR
10  THOUSAND (1,784,000)
    CONTRABAND CIGARETTES, et al.,

11                   Defendants.

12

13      This matter comes before the Court on the United States of America's (the

14  "Government") motion to compel (Dkt. 86). The Court has considered the pleadings filed

15  in support of and in opposition to the motion and the remainder of the file and hereby

16  grants the motion for the reasons stated herein.

17                    **I. PROCEDURAL HISTORY**

18      On November 16, 2012, the Government filed its verified civil forfeiture

19  complaint and notice of the complaint. Dkt. 1. On December 28, 2012, Sophia Comenout

20  ("Sophia"), Robert R. Comenout, Jr. ("Robert Jr."), and Robert R. Comenout, Sr. (Robert

21  Sr.) (collectively "Claimants") filed a claim for return of property. Dkt. 4. On January 16,

22  2013, Claimants responded to the Government's complaint. Dkts. 17–19.

1    On October 19, 2016, the Government served separate interrogatories and requests

2    for production upon Claimants. Dkt. 86-1 at 1. Despite numerous assurances by

3    Claimants' counsel that responses were forthcoming, Claimants had yet failed to provide

4    discovery by January 3, 2017. Dkts. 86-1, 86-2, 86-3, 86-6. On January 3, 2017, counsel

5    for the Government conferred by telephone with Claimants' counsel regarding the

6    outstanding discovery. Dkt. 86-1. Claimants' counsel indicated that he hoped to complete

7    responses to discovery requests by January 5, 2016, but he was unable to do so. *Id.*

8    On January 5, 2016, the Government moved to compel discovery. Dkt. 86.

9    January 17, 2017, Robert Jr. and Sophia provided discovery to the Government's

10   interrogatories. Dkt. 88. Sophia's discovery was not verified under oath. *Id.* On January

11   19, 2017, the Government withdrew its motion to compel as to Robert Jr. Dkt. 88. On

12   January 30, 2017, Sophia provided verified discovery to the Government. Dkt. 90. On

13   February 3, 2017, the Government withdrew its motion as to Sophia. Dkt. 90. Remaining

14   before the Court is the Government's motion as to Robert Sr.'s outstanding discovery.

15   Claimants have not responded to the Government's motion to compel.

16                                    **II. DISCUSSION**

17   "Parties may obtain discovery regarding any nonprivileged matter that is relevant

18   to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R.

19   Civ. P. 26(b)(1). A party seeking discovery may move for an order compelling

20   production if a party fails to produce documents as requested. Fed. R. Civ. P.

21   37(a)(3)(B)(iv). Claimants failed to provide timely discovery under Federal Rules of

22

1  Civil Procedure 6, 33, and 34 without explanation. Therefore, the Court grants the

2  Government's motion.

3      Additionally, under Rule 37, the Court "must" award reasonable expenses

4  associated with the motion, including attorney's fees, if the moving party prevails. Fed.

5  R. Civ. P. 37(a)(5). *See also Brown*, 2015 WL 630926 at *6. However, the Court must

6  not order this payment if:

7      (i) the movant filed the motion before attempting in good faith to obtain the
       disclosure or discovery without court action; (ii) the opposing party's
8      nondisclosure, response, or objection was substantially justified; or (iii)
       other circumstances make an award of expenses unjust.

9
10 Fed. R. Civ. P. 37(a)(5)(A). The party facing sanctions bears the burden of proving that

   its failure to disclose the required information was substantially justified or is harmless. *R*
11
   *& R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012).
12
13     The Government has not yet requested expenses. Also, although Claimants' failure

14 to timely respond to discovery requests necessitated that the Government file its motion,

   a substantial portion of the requested discovery was provided by Claimants prior to the
15
   entry of this order. Because the Government did not request fees in its motion, Claimants
16
   have not had the opportunity to be heard on the issue. *See* Fed. R. Civ. P. 37(a)(5)(A)
17
   ("[T]he Court must, after giving an opportunity to be heard, require the party or attorney .
18
   . . to pay the movant's reasonable expenses incurred in making the motion."). Therefore,
19
   the Court finds it would be unjust to award fees where the Government has not yet
20
   requested them and Claimants appear to be complying with their discovery obligations,
21

22

1    albeit in an untimely fashion. If Robert Sr. fails to comply with this order, the issue of

2    fees may be addressed in any subsequent discovery motions.

3                                          **III. ORDER**

4            Therefore, it is hereby **ORDERED** that the Government's motion to compel (Dkt.

5    86) is **GRANTED**. Robert Sr. shall provide discovery responses within seven (7) days of

6    the date of this order.

7            Dated this 8th day of February, 2017.

8

9

10                                          _____
                                            BENJAMIN H. SETTLE
                                            United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 4